UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

UNITED STATES OF AMERICA,

     Plaintiff,

vs.

MICHAEL CHANG, *et al.*,

     Defendants.

Case No. 3:25-cr-16

District Judge Michael J. Newman

---

**ORDER: (1) GRANTING DEFENDANT MICHAEL CHANG'S UNOPPOSED MOTION TO CONTINUE THE TRIAL DATE (Doc. No. 137); (2) CONTINUING THE TRIAL DATE FOR ALL DEFENDANTS; (3) EXCLUDING THE TIME FROM JUNE 17, 2026 TO AUGUST 24, 2026 FROM THE SPEEDY TRIAL ACT CALCULATION; (4) FINDING THAT THE SPEEDY TRIAL ACT DEADLINE IS OCTOBER 5, 2026; (5) SETTING TRIAL FOR AUGUST 24, 2026 AT 9:30 A.M.; AND (6) REQUIRING THE PARTIES TO FILE A JOINT STATUS REPORT BY AUGUST 10, 2026**

---

This criminal case is before the Court upon Defendant Michael Chang's unopposed motion to continue the trial date, filed on June 17, 2026, which is before the current Speedy Trial Act deadline of August 3, 2026.  Doc. No. 137.  The Court construes the motion as indicating Defendant Chang has consented to the continuance and waives his rights under the Speedy Trial Act.[1]  *See id.* at PageID 594.  In the motion, Defendant Chang reports that the Government has no objection to the continuation of trial date.  *Id.*  For good cause shown, and pursuant to the requirements of the Speedy Trial Act, the Court **GRANTS** Defendant Chang's unopposed motion and **CONTINUES** the trial date.

The Court finds that, pursuant to 18 U.S.C. §§ 3161(h)(7)(A), (B)(i), after considering the factors set forth therein, the ends of justice are served by granting a continuance and that such

---

[1] The Court confirms that of the four Defendants charged in this case, Defendant Chang is the only Defendant still pending trial.  *See* Doc. Nos. 85, 106, 138.

continuance outweighs the best interest of the public and Defendants in a speedy trial.  Failure to continue would deny both the Government and Defendants the time necessary for effective trial preparation and the ability to explore all available means of resolving  this  case.  *See*  18 U.S.C. § 3161(h)(7).

Consequently, the time from June 17, 2026 until August 24, 2026 is **EXCLUDED** in computing the time period set forth in 18 U.S.C. § 3161 within which the Government must bring Defendants to trial.  Accounting for the time excluded from the Speedy Trial Act calculation, the new **Speedy Trial Act deadline** in the instant case is **October 5, 2026**.[2]  The Court **SETS** trial for **August 24, 2026**.  Finally, the Court **REQUIRES** the parties to file a joint status report by **August 10, 2026.**

        **IT IS SO ORDERED.**

<u>June 18, 2026</u>                              s/*Michael J. Newman*

                                           Hon. Michael J. Newman

                                           United States District Judge

---

[2] If counsel disagrees with this calculation, counsel shall file a notice containing their proposed Speedy Trial Act calculation and deadline.